IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

ASGHAR MALIK and JESSICA MALIK                                                          PLAINTIFFS

v.                                              No. 3:08CV00158 JLH

TILLMAN LEASING COMPANY, INC.;
MIDWEST COATINGS, INC.; and
RANDELL RODEN                                                                            DEFENDANTS

**ORDER**

The plaintiffs have filed a motion for voluntary nonsuit without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. The defendants have stated that they do not object to the dismissal without prejudice provided that the Court order the plaintiffs to pay them all costs incurred to date in defending this action or, if the plaintiffs refile this action, that they be ordered to pay all costs incurred by the defendants.

The Eighth Circuit has said that in ruling on a motion to dismiss pursuant to Rule 41(a)(2), the court should take into consideration the following:

> (1) [T]he defendant's effort and the expense involved in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, (3) insufficient explanation of the need to take a dismissal, and (4) the fact that a motion for summary judgment has been filed by the defendant.

*Paulucci v. City of Duluth*, 826 F.2d 780, 783 (8th Cir. 1987). Further, "[a] party may not dismiss simply to avoid an adverse decision or to seek a more favorable forum." *Cahalan v. Rohan*, 423 F.3d 815, 818 (8th Cir. 2005).

This case should be substantially ready for trial inasmuch as trial is scheduled for the week of May 4, 2009, which is three weeks away. That factor mitigates against granting the motion to dismiss.

On the other hand, nothing has been presented to the Court to show that the plaintiffs have engaged in excessive delay or have lacked diligence in prosecuting the action, so that factor would support dismissing the action without prejudice.

Although the motion to dismiss does not explain the reason that the plaintiffs need to seek a dismissal, it is apparent that they are seeking a dismissal because their lead attorney, David Rees, has been suspended from the practice of law, and the Court has denied their motion for a continuance. In large part, the Court denied the motion to continue the case because, even though the suspension is for a period of 102 days, after the period of suspension has expired, Rees still must apply for readmission to the Bar of the State of Arkansas and still must apply for reinstatement to practice in this Court. No one knows for sure whether or when he will be reinstated. Consequently, the Court refused to grant a continuance for what would be, in effect, an indefinite period of time waiting on Rees to be reinstated. The conduct for which Rees has been suspended has nothing to do with these plaintiffs. He was not acting on their behalf, so there is no reason to hold them responsible for his conduct. Consequently, if they wish to dismiss this action without prejudice the Court does not believe that they should be penalized for the misconduct that resulted in Rees's suspension.

The fourth factor is whether a motion for summary judgment has been filed by the defendant, and in this case no party has filed a motion for summary judgment.

The defendants have not shown how they would be prejudiced by dismissing the action without prejudice. They have asked the Court to impose a condition that would require the plaintiffs to pay all costs incurred by them to date, or to do so if the action is re-filed but, so far as the record shows, whatever costs they have incurred to date would be related to discovery that could be used

if the action is filed again. Therefore, the request that the Court condition the order of dismissal on payment of costs is denied.

For the reasons stated, the motion for voluntary nonsuit is GRANTED. Document #23. This action is dismissed without prejudice.

IT IS SO ORDERED this 15th day of April, 2009.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE